1   Ronald W. Nelson (State Bar No. 66973 )
    Brian R. Faulkner (State Bar No. 110567)
2   NIXON PEABODY LLP
    2040 Main Street, Suite 850
3   Irvine, CA 92614
    Telephone: (949) 475-6900
4   Facsimile: (949) 475-6910

5   Attorneys for Intervenor Plaintiff
    Trans Pacific Container Service Corporation

6

7                       UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9

10  WORLD FUEL SERVICES AMERICAS, INC., a        Case No. 4:05-CV-02745-CW
    Corporation,
11                                               ~~STIPULATION AND PROPOSED~~ ORDER
                              Plaintiff,     DENYING ~~ALLOWING~~ INTERVENTION OF TRANS
12                                               PACIFIC CONTAINER SERVICE
    vs.                                          CORPORATION  WITHOUT PREJUDICE
13
    PM&O LINE, IN PERSONAM; M/V
14  MICRONESIAN NATIONS AND ITS
    ENGINES, TACKEL, APPAREL, IN REM;
15
                              Defendants
16
    _____
17  TRANS PACIFIC CONTAINER SERVICE
    CORPORATION,
18
                              Plaintiff,
19          vs.

20  PHILIPPINES, MICRONESIA & ORIENT
    NAVIGATION COMPANY, IN PERSONAM;
21  THE VESSEL MICRONESIAN NATIONS,
    OFFICIAL NUMBER 9123958, AND ITS
22  ENGINES, TACKLE, EQUIPMENT, AND
    APPURTENANCES; THE VESSEL
23  MICRONESIAN NAVIGATOR, OFFICIAL
    NUMBER 9084774, AND ITS ENGINES,
24  TACKLE, EQUIPMENT AND
    APPURTENANCES; THE VESSEL
25  MICRONESIAN HERITAGE, OFFICIAL
    NUMBER 9084786, AND ITS ENGINES,
26  TACKLE, EQUIPMENT AND
    APPURTENANCES,  IN REM,
27
                              Defendant.
28  _____
                                    -1-                              493771.1
    STIPULATION TO FILE COMPLAINT FOR                CASE NO.
    INTERVENTION

World Fuel Services Americas, Inc., Plaintiff in this action, through its attorneys, Gibson Robb & Lindh LLP, and Trans Pacific Container Service Corporation ("TRAPAC"), proposed Intervenor in this action, through its attorneys, Nixon Peabody LLP, hereby stipulate and agree as follows:

Trans Pacific Container Service Corporation may intervene in this action and file its Complaint in Intervention against Phillipines Micronesian & Orient Navigation Company (also known as PM&O Line) in personam, and the vessel Micronesian Nations and its engines, tackle, equipment and appertinances, in rem (a copy of Proposed Complaint in Intervention attached hereto as Exhibit A).

**There is good cause for such intervention:**

1.      FRCP 24(a) allows intervention of right: "Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest."

2.      TRAPAC alleges in its proposed complaint in intervention that:

(a)      TRAPAC is the preferential berth assignee and operator of marine terminal facilities located in the Port of Los Angeles and Port of Oakland;

(b)      TRAPAC and PM&O entered into various written agreements for TRAPAC to provide stevedoring and terminal services at its marine terminal facilities for PM&O and its vessel;

(c)      Pursuant to the contracts, TRAPAC provided stevedoring and terminal services to vessels operated and controlled by PM&O at TRAPAC's Port of Los Angeles and Port of Oakland marine terminal facilities, and TRAPAC performed all obligations on its part to be performed under the contracts;

(d)      Under the contracts PM&O was required to pay TRAPAC for TRAPAC's services, and PM&O have failed to pay all of the charges and amounts owed to TRAPAC and is in default of the payment of the contract charges;

-2-

1    (e)    That as of March 31, 2005 the amount of charges due from PM&O to

2  TRAPAC under the contracts totals $1,133,004.96 plus interest which charges remain unpaid despite

3  demand and interest continues to accrue;

4    (f)    That at all times material to TRAPAC's claim against PM&O, PM&O was the

5  charterer of the vessel Micronesian Nations, official number 9123958, among other vessels;

6    (g)    That the stevedoring and terminal services provided by TRAPAC to PM&O

7  include services furnished by TRAPAC to the vessel Micronesian Nations in the amount of

8  $532,568.22, the full amount of which plus interest remains unpaid;

9    (h)    That TRAPAC has, and claims, a lien against the vessel Micronesian Nations

10  in the amount of $532,568.22 as of March 31, 2005 plus interest thereon according to proof.

11    3.    The vessel Micronesian Nations is named as a defendant, <u>in rem</u>, in this action and has

12  been arrested and is presently in custody in connection with this action.

13    4.    TRAPAC's allegations (summarized above) claim an interest relating to the property

14  which is the subject of this action, and because TRAPAC's claim arises out of services it provided to

15  PM&O and its vessels, such claim is not adequately represented by the existing parties in this action

16  and may be impaired if this action proceeds to conclusion, including judgment against and sale of the

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

493771.1

STIPULATION TO FILE COMPLAINT FOR
INTERVENTION

CASE NO.

1   vessel Micronesian Nations, without intervention and participation by TRAPAC.

2        WHEREFORE, Plaintiff World Fuel Services Americas, Inc. and proposed intervenor Trans

3   Pacific Container Service Corporation respectfully request that this Court issue an order allowing

4   TRAPAC to intervene in this action and file its complaint in intervention herein.

5

6   DATED: July 12, 2005                    NIXON PEABODY LLP

7                                           By: _____

8                                               Ronald W. Nelson
                                                Brian R. Faulkner
9                                               Attorneys for Plaintiff Trans
                                                Pacific Container Service
10                                              Corporation

11  DATED: July 12, 2005                    GIBSON ROBB & LINDH LLP

12

13                                          By: _____

14                                              Jennifer Sanchez
                                                Attorneys for Plaintiff
15                                              World Fuel Services Americas, Inc.

16                              <u>ORDER</u>

17        Pursuant to Stipulation between Plaintiff World Fuel Services Americas, Inc., and proposed
    intervenor Trans Pacific Container Services Corporation, ~~and good cause having been shown,~~ it is:
18
                                                                      move to
19        ORDERED that Trans Pacific Container Services Corporation may ~~intervene~~ in this action
    ~~and file its complaint in intervention herein.~~  or present a stipulation signed by all parties.
20
21  Dated: ___7/14_____, 2005          /s/ CLAUDIA WILKEN
                                            _____
22                                          UNITED STATES DISTRICT COURT JUDGE

23  Proposed Order Submitted By:
24  Brian R. Faulkner, Esq.  Nixon Peabody LLP
    2040 Main Street, Suite 850
25  Irvine, CA 92614
    Attorneys for Proposed Intervenor
26  Trans Pacific Container Services Corporation
    (949) 475-6900; bfaulkner@nixonpeabody.com
27

28                                    -4-                              493771.1

                                                              TOTAL P.02

1  vessel Micronesian Nations, without intervention and participation by TRAPAC.

2      WHEREFORE, Plaintiff World Fuel Services Americas, Inc. and proposed intervenor Trans

3  Pacific Container Service Corporation respectfully request that this Court issue an order allowing

4  TRAPAC to intervene in this action and file its complaint in intervention herein.

5

6  DATED: July 12, 2005               NIXON PEABODY LLP

7                                   By: _____

8                                       Ronald W. Nelson

9                                     Brian R. Faulkner
                                   Attorneys for Plaintiff Trans

10                                    Pacific Container Service
                                   Corporation

11 DATED: July 12, 2005               GIBSON ROBB & LINDH LLP

12

13                                    By:_____

14                                      Jennifer Sanchez
                                   Attorneys for Plaintiff

15                                    World Fuel Services Americas, Inc.

16                        ORDER

17     Pursuant to Stipulation between Plaintiff World Fuel Services Americas, Inc., and proposed
intervenor Trans Pacific Container Services Corporation, and good cause having been shown, it is:

18

19     ORDERED that Trans Pacific Container Services Corporation may intervene in this action
and file its complaint in intervention herein.

20

21 Dated: _____, 2005     _____

22                                 UNITED STATES DISTRICT COURT JUDGE

23 Proposed Order Submitted By:

24 Brian R. Faulkner, Esq.   Nixon Peabody LLP
2040 Main Street, Suite 850

25 Irvine, CA 92614
Attorneys for Proposed Intervenor

26 Trans Pacific Container Services Corporation
(949) 475-6900; bfaulkner@nixonpeabody.com

27

28                      -4-                          493771.1

1  Ronald W. Nelson (State Bar No. 66973 )
   Brian R. Faulkner (State Bar No. 110567)
   NIXON PEABODY LLP
2  2040 Main Street, Suite 850
   Irvine, CA 92614
3  Telephone: (949) 475-6900
   Facsimile: (949) 475-6910
4
   Attorneys for Intervenor Plaintiff
5  Trans Pacific Container Service Corporation

6

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 WORLD FUEL SERVICES AMERICAS, INC., a        Case No. 4:05-CV-02745-CW
   Corporation,
12                                              INTERVENOR TRANS PACIFIC
                          Plaintiff,            CONTAINER SERVICE CORPORATION'S
13 vs.                                          VERIFIED COMPLAINT IN PERSONAM
                                                FOR BREACH OF MARITIME CONTRACT
14 PM&O LINE, IN PERSONAM; M/V                  AND IN REM FOR ENFORCEMENT OF
   MICRONESIAN NATIONS AND ITS                  MARITIME LIEN (Supp. Adm. Rule C)
15 ENGINES, TACKEL, APPAREL, IN REM;

16                        Defendants

17 TRANS PACIFIC CONTAINER SERVICE
   CORPORATION,
18
                          Plaintiff,
19      vs.

20 PHILIPPINES, MICRONESIA & ORIENT
   NAVIGATION COMPANY, IN PERSONAM;
21 THE VESSEL MICRONESIAN NATIONS,
   OFFICIAL NUMBER 9123958, AND ITS
22 ENGINES, TACKLE, EQUIPMENT, AND
   APPURTENANCES; THE VESSEL
23 MICRONESIAN NAVIGATOR, OFFICIAL
   NUMBER 9084774, AND ITS ENGINES,
24 TACKLE, EQUIPMENT AND
   APPURTENANCES; THE VESSEL
25 MICRONESIAN HERITAGE, OFFICIAL
   NUMBER 9084786, AND ITS ENGINES,
26 TACKLE, EQUIPMENT AND                        EXHIBIT " A "
   APPURTENANCES,  IN REM,
27
                          Defendant.
28
                                          -1-
   COMPLAINT FOR BREACH OF MARITIME CONTRACT              CASE NO.

493658.1

Plaintiff Trans Pacific Container Service Corporation ("TraPac") alleges its Complaint against Defendants Philippines, Micronesia & Orient Navigation Company ("PM&O"), In Personam, and the vessels Micronesian Nations, Official Number 9123958, Micronesian Navigator, Official Number 9084774, and Micronesian Heritage, Official Number 9084786, In Rem, as follows:

1.    (Jurisdiction.)  This court has jurisdiction pursuant to 28 U.S.C. Section 1333.  This is a case of admiralty and maritime jurisdiction, and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

2.    Plaintiff TraPac is and at all material times was a California corporation with its principal place of business in Los Angeles, California.  Among other business activities, TraPac is the preferential berth assignee and operator of marine terminal facilities located in the Port of Los Angeles and Port of Oakland.

3.    Defendant PM&O is and at all material times was a California corporation with its principal place of business in San Francisco, California.  Among other business activities, PM&O has been an ocean carrier engaged in the ocean transportation of cargo.

4.    TraPac and PM&O entered into the following written agreements (including addenda) for TraPac to provide and perform stevedoring and terminal services at its marine terminal facilities for PM&O and its vessels:  (A) Contract for container terminal and stevedoring services at the Port of Los Angeles dated April 14, 1997; and (B) Contract for container terminal and stevedoring services at the Port of Oakland dated February 4, 1997; (C) Term Lease Agreement No. 0001008 dated April 30, 1997; (D) Term Lease Agreement No. 0001009 dated May 1, 1997.  All of the agreements described in this paragraph are collectively referred to as the "Contracts."

5.    Pursuant to the Contracts, TraPac from time to time provided stevedoring and terminal services to vessels operated and controlled by PM&O at TraPac's Port of Los Angeles and Port of Oakland marine terminal facilities, all for the benefit of PM&O.  TraPac performed all obligations on its part to be performed under the Contracts.

6.    Under the Contracts, PM&O was required to pay TraPac for TraPac's services as

-2-

493658.1

COMPLAINT FOR BREACH OF MARITIME CONTRACT                    CASE NO.

1    specified in the Contracts.  PM&O has failed to pay all of the charges and amounts owed under the

2    Contracts and continues to be in default of the payment of the Contract charges.

3         7.    As of March 31, 2005, the amount of charges due from PM&O to TraPac under the

4    Contracts totals $1,133,004.96 plus interest in the amount of $31,692.60.  Such charges remain

5    unpaid despite due demand and interest continues to accrue.

6         8.    PM&O has breached its obligations under the Contracts and is therefore liable to

7    TraPac for Contract charges and interest in the total amount of $1,164,697.56, as of March 31, 2005.

8         9.    Each of the Contracts alleged in paragraph 4, above, contains an attorneys' fee

9    provision.  As a result of PM&O's breach of the Contracts, TraPac has been required to retain

10   counsel to commence and prosecute this action and is incurring attorneys' fees, costs, and other

11   necessary disbursements for that purpose, all of which TraPac is entitled to recover from PM&O.

12   **SECOND CLAIM FOR RELIEF**

13        10.    Plaintiff refers to and realleges paragraphs 1 through 9, above, here.

14        11.    PM&O is now, or at times material to this action was, the charterer of the vessels

15   Micronesian Nations, Official Number 9123958, Micronesian Navigator, Official Number 9084774,

16   and Micronesian Heritage, Official Number 9084786.

17        12.    The amounts due to TraPac from PM&O for stevedoring and terminal services, as

18   alleged herein, are reasonable in amount and are in accord with the established tariff rates of TraPac.

19        13.    The stevedoring and terminal services provided by TraPac to PM&O as alleged here

20   were furnished by TraPac to the vessels Micronesian Nations, Official Number 9123958,

21   Micronesian Navigator, Official Number 9084774, and Micronesian Heritage, Official Number

22   9084786 and were necessary for each of those vessels.

23        14.    No part of the amount due to TraPac from PM&O for the services provided by TraPac,

24   as alleged here, have been paid by PM&O, and TraPac has, and claims, a lien against the vessel

25   Micronesian Nations, Official Number 9123958, in the amount of $532,568.22 as of March 31, 2005,

26   and against the vessel Micronesian Navigator, Official Number 9084774, in the amount of

27   $445,054.19 as of March 31, 2005, and against the vessel Micronesian Heritage, Official Number

28   9084786, in the amount of $187,075.16 as of March 31, 2005, under the general maritime law and

493658.1

1  Acts of Congress of the United States, and such sum remains due, unpaid, and owing from each of

2  the vessels and its owner to Plaintiff.

3      WHEREFORE, TraPac prays for judgment as follows:

4      **On the First Claim for Relief:**

5      1.    For judgment against PM&O in an amount not less than $1,164,697.56 for breach of

6  the Contracts, plus further damages and interest according to proof;

7      **On the Second Claim for Relief:**

8      1.    That warrants for the arrest of the <u>In Rem</u> Defendants may issue against the vessels

9  Micronesian Nations, Official Number 9123958, Micronesian Navigator, Official Number 9084774,

10 and Micronesian Heritage, Official Number 9084786 and the engines, tackle, equipment, and

11 appurtenances of each of them;

12     2.    For a judgment in favor of TraPac and against the vessel Micronesian Nations in an

13 amount not less than $532,568.22 plus interest, and a decree that such vessel be condemned and sold

14 to satisfy Plaintiff's judgment;

15     3.    For a judgment in favor of TraPac and against the vessel Micronesian Navigator in an

16 amount not less than $445,054.19 plus interest, and a decree that such vessel be condemned and sold

17 to satisfy Plaintiff's judgment;

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

493658.1

COMPLAINT FOR BREACH OF MARITIME CONTRACT                    CASE NO.

4.    For a judgment in favor of TraPac and against the vessel Micronesian Heritage in an amount not less than $187,075.16 plus interest, and a decree that such vessel be condemned and sold to satisfy Plaintiff's judgment;

**On All Claims for Relief:**

1.    For TraPac's attorneys' fees, costs of suit, and other necessary disbursements incurred in connection with this action; and

2.    For such other relief as the court deems just and proper.

DATED: July 11, 2005                          NIXON PEABODY LLP

By: _____
                                              Ronald W. Nelson
                                              Brian R. Faulkner
                                              Attorneys for Plaintiff Trans
                                              Pacific Container Service
                                              Corporation


**VERIFICATION**

I, HIDEYUKI SADAMATSU, am President of Transpacific Container Service Corporation and am authorized to make this verification. I have read the foregoing Verified Complaint In Personam For Breach of Maritime Contract and In Rem For Enforcement of Maritime Lien. All allegations made in the Complaint are either based on information of which I have personal knowledge as a result of my duties and responsibilities as President, or are based on information obtained from the business records and personnel of Transpacific Container Service Corporation, and all of the matters alleged in the Complaint are true to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July ___, 2005 at Wilmington, California.

_____
HIDEYUKI SADAMATSU

COMPLAINT FOR BREACH OF MARITIME CONTRACT

-5-

CASE NO.

493658.1

4.    For a judgment in favor of TraPac and against the vessel Micronesian Heritage in an amount not less than $187,075.16 plus interest, and a decree that such vessel be condemned and sold to satisfy Plaintiff's judgment;

**On All Claims for Relief:**

1.    For TraPac's attorneys' fees, costs of suit, and other necessary disbursements incurred in connection with this action; and

2.    For such other relief as the court deems just and proper.

DATED: July 11, 2005                          NIXON PEABODY LLP

By:_____
                                              Ronald W. Nelson
                                              Brian R. Faulkner
                                              Attorneys for Plaintiff Trans
                                              Pacific Container Service
                                              Corporation

**VERIFICATION**

I, HIDEYUKI SADAMATSU, am President of Transpacific Container Service Corporation and am authorized to make this verification. I have read the foregoing Verified Complaint In Personam For Breach of Maritime Contract and In Rem For Enforcement of Maritime Lien. All allegations made in the Complaint are either based on information of which I have personal knowledge as a result of my duties and responsibilities as President, or are based on information obtained from the business records and personnel of Transpacific Container Service Corporation, and all of the matters alleged in the Complaint are true to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on July __, 2005 at Wilmington, California.

_____
HIDEYUKI SADAMATSU

-5-

COMPLAINT FOR BREACH OF MARITIME CONTRACT                    CASE NO.

493658.1